FRANCES R. TAYLOR, PLAINTIFF, v. GILBERT ANDERSON, DEFENDANT.

Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Frederick A. Pope.*

*Contra, John F. Reger.*

PER CURIAM.

This suit was brought to recover compensation for personal injuries resulting to the plaintiff from an automobile collision. The car in which Miss Taylor, the plaintiff, was riding was being driven by one Davis in a southerly direction along the state highway leading from Somerville to Princeton. As it approached the school house at South Somerville, the defendant, Anderson, who had parked his car opposite the school, got into it and then started to turn it for the purpose of proceeding in the opposite direction from

that in which it was headed when it was parked. As he was making the U-turn, the car in which Miss Taylor was riding and which was traveling on its right side of the road, approached, and Davis, observing the action of Anderson, undertook to swing around behind the latter's car and thus avoid a collision, this being necessary, as he considered, in order to prevent being struck with the front of the Anderson car which practically blocked the side of the road along which Davis was driving. There, however, was not sufficient room for Davis to pass to the rear of Anderson's car, and his attempt to do so resulted in a collision. The jury, after a hearing and consideration of the testimony, found a verdict in favor of the plaintiff and awarded her the sum of $3,000 as compensation for her injuries.

The first ground upon which we are asked to set aside the verdict under review is that the negligence of Davis in the driving of his car was the sole cause of the collision. Our examination of the testimony satisfies us that the jury was justified in reaching the opposite conclusion.

It is further contended that the present rule to show cause should be made absolute because the proofs demonstrate that the carelessness of Davis in the driving of his car was at least a contributing cause of the accident. Assuming this to be so, it constitutes no bar to the plaintiff's right of recovery. Davis was not her employe and she had no control over him in his driving of the car, and, consequently, was not responsible for his carelessness.

The only other ground argued by defendant's counsel for making the rule absolute is that the verdict is excessive. We think not. The proofs showed that a piece of flesh about the size of a silver dollar was sliced off of the plaintiff's forehead at the base of the hair line, leaving a raw opening which destroyed the flesh and resulted in a permanent scar at that point. In addition, there was a cut across the bridge of the nose, leaving another scar. Her left eyelid was cut open, necessitating four stitches to be taken in it, and there was a cut on the left side of her face, necessitating a couple of stitches there. The cuts healed in the course of time, but

left permanent scars, thus seriously disfiguring the plaintiff's face. In view of this permanent disfigurement and of the pain and suffering resulting to the plaintiff from the accident, we consider the award moderate.

The rule to show cause will be discharged.